# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DANIEL ROWLAND,** | ) |
| Plaintiff, | ) Case No. 7:19CV00010 |
| v. | ) **OPINION AND ORDER** |
| **SHERIFF PARSON, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Daniel Rowland, Pro Se Plaintiff; Nathan H. Schnetzler, Frith Anderson + Peake P.C., Roanoke, Virginia, for Defendants.*

The plaintiff, Daniel Rowland, proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983, alleging that his civil rights were violated during a traffic stop on April 6 or 7, 2018. After review of the record, I conclude that the case must be dismissed.

Rowland filed his Complaint on January 9, 2019, when he was confined at the Southwest Virginia Regional Jail Authority facility in Duffield, Virginia. He sued Sheriff Parson and Deputy Jeff Smith of the Lee County, Virginia, Sheriff's Office, seeking monetary damages and dismissal of state criminal charges. On January 31, 2019, the court docketed a letter from Rowland, indicating that he was no longer incarcerated, but giving his new address.

On April 1, 2019, Smith filed an Answer, and Parson filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted. The next day, the court issued a notice informing Rowland that he had 21 days "to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding Defendant's evidence." Notice, ECF No. 27. The notice also stated:

> If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute</u>.

*Id.* Rowland moved for an extension of time to respond to Parson's motion, and the court granted him until May 17, 2019, to do so. Rowland did not file a response to Parson's motion.

On May 31, 2019, Parson filed a Motion to Dismiss under Rule 41(b) for failure to prosecute. Specifically, Parson argues that Rowland's claims against him should be dismissed with prejudice because Rowland failed to respond to the Rule 12(b)(6) motion within the time the court allotted. The court issued a notice allowing Rowland 21 days to respond to the Rule 41(b) motion, and he has failed to do so. Moreover, the court has received no further filings or communication

from Rowland. None of the court's mailings to Rowland has been returned as undeliverable at the mailing address he provided.

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). In light of Rule 41(b), "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (citation omitted).

On the other hand, a dismissal with prejudice is a "harsh sanction which should not be invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978). In light of the public policy in favor of deciding cases on their merits, a district court should generally consider four criteria when deciding whether to dismiss a case for failure to prosecute:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.* (internal quotation marks and citation omitted).

In this case, I find that three of the four factors weigh against Rowland. Under the first factor, Rowland bears the full responsibility for failing to prosecute his claims — he has twice failed to respond to the defendant's motions. Under the second and four factors, the defendants have been put to the expense of retaining counsel and filing written responses to the Complaint. Dismissal without prejudice would leave them vulnerable to the possibility that Rowland would refile his claims. If that occurs, they would be required to spend more time and money to defend against the claims, while also possibly being prejudiced by the loss of evidence caused by the passage of time. For these reasons, I will grant Parson's motion.

Smith has not filed any motion. Because Rowland has not responded to Parson's motions, however, it is possible to assume that Rowland has lost interest in the case. Before dismissing the action with prejudice, however, I will direct Rowland to advise the court that he still wishes to proceed with his claim against Smith.

Accordingly, it is **ORDERED** as follows:

1. Sheriff Gary Parson's Motion to Dismiss, ECF No. 31, is GRANTED and the Complaint is DISMISSED WITH PREJUDICE as to that defendant. The Clerk shall terminate Sheriff Parson as a party to this case; and

2. Plaintiff Daniel Rowland must notify the court in writing within 14 days of the date of entry of this Opinion and Order if he intends to proceed with his remaining action against Deputy Sheriff Jeff Smith. If he does not comply, the court will dismiss his action against Deputy Sheriff Jeff Smith with prejudice and close this case.

ENTER: July 8, 2019

/s/ James P. Jones
United States District Judge